UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMERALD WILSON-BEY,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>CORRECTIONS CORP. AMERICA, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 2:22-cv-00493-ART-BNW<br><br>ORDER |

**I. DISCUSSION**

Plaintiff Emerald Wilson-Bey initiated this case with an incomplete application to proceed *in forma pauperis* ("IFP application") and a civil rights complaint. (ECF Nos. 1, 1-1.) The Court denied the incomplete IFP application and ordered Plaintiff to file a complete IFP application within 60 days. (ECF No. 3.) Plaintiff did not file a complete IFP application, or otherwise respond to the Court's order, and the Court dismissed this case without prejudice. (ECF No. 5.)

Plaintiff has filed a motion requesting that this case be sealed "for privacy, defamatory and also exploitative reasons." (ECF No. 7.) Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id.* Otherwise, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted).

"A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons'

1

standard," which means the party must "articulate[] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure." *Id.* (internal quotation marks and citations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179.

Plaintiff's vague reference to privacy, defamation, and exploitation is not a sufficiently compelling reason to seal any records in this case. The only records in this case are Plaintiff's complaint, and the Court's orders. Plaintiff does not explain how any of these records have, or could, become a vehicle for an improper purpose. Accordingly, Plaintiff's motion is denied without prejudice.

## II. CONCLUSION

It is therefore ordered that Plaintiff's motion to seal this case (ECF No. 7) is denied.

DATED THIS 20th day of December 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE